**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

<table>
<tr><td>

HARMONI INTERNATIONAL SPICE,
INC., a California corporation;
ZHENGZHOU HARMONI SPICE CO.,
LTD., a corporation,
     *Plaintiffs-Appellants*,

v.

ROBERT T. HUME; JOEY C.
MONTOYA; STANLEY CRAWFORD;
HUAMEI CONSULTING CO., INC., a
corporation,
     *Defendants-Appellees.*

</td><td>

No. 17-55926

D.C. No.
2:16-cv-00614-
BRO-AS

OPINION

</td></tr>
</table>

Appeal from the United States District Court
for the Central District of California
Beverly Reid O'Connell, District Judge, Presiding

Argued and Submitted October 12, 2018
Pasadena, California

Filed January 23, 2019

Before:  Paul J. Watford and John B. Owens, Circuit Judges, and Jennifer G. Zipps,[*] District Judge.

Opinion by Judge Watford

---

**SUMMARY**[**]

---

**Racketeer Influenced and Corrupt Organizations Act**

The panel reversed the district court's dismissal of a RICO suit for failure adequately to allege proximate cause.

Plaintiffs alleged that, through two unlawful schemes, rival importers of garlic from China conspired to eliminate or reduce the competitive advantage plaintiffs enjoyed because plaintiffs did not have to pay anti-dumping duties. In the first alleged scheme, Chinese competitors submitted fraudulent documents to U.S. customs officials in order to evade applicable anti-dumping duties and then sold garlic in the United States at less than fair value.  In the second alleged scheme, Chinese competitors recruited domestic garlic growers to file sham administrative review requests with the U.S. Department of Commerce to determine whether plaintiffs were being subjected to appropriate anti-dumping duties.

---

[*] The Honorable Jennifer G. Zipps, United States District Judge for the District of Arizona, sitting by designation.

[**] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

To prevail on a RICO claim, a plaintiff must establish proximate cause by showing a direct relation between the injury asserted and the injurious conduct alleged. The panel held that the plaintiffs did not adequately allege proximate cause with respect to the first scheme because the relationship between defendants' alleged conduct and plaintiffs' alleged injury was too attenuated. As to the second scheme, plaintiffs adequately alleged proximate cause with respect to damages for expenses incurred in responding to the Department of Commerce's administrative review. With respect to damages for lost sales and harm to business reputation, the complaint did not adequately allege proximate cause, but the district court should have granted leave to amend. The district court also should have granted leave to amend as to a defendant dismissed for failure to allege predicate acts constituting a pattern of racketeering activity. The panel remanded the case to the district court.

**COUNSEL**

George E. Mastoris (argued), Seth C. Farber, Jeffrey L. Kessler, and Paul Victor, Winston & Strawn LLP, New York, New York; John E. Schreiber, Winston & Strawn LLP, Los Angeles, California; Jeff Wilkerson, Winston & Strawn LLP, Charlotte, North Carolina; for Plaintiffs-Appellants.

Anthony L. Lanza (argued) and Brodie H. Smith, Lanza & Smith, Irvine, California, for Defendants-Appellees.

**OPINION**

WATFORD, Circuit Judge:

The main issue in this appeal is whether the plaintiffs adequately alleged proximate cause under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961–68. We conclude that the plaintiffs have adequately alleged proximate cause with respect to one category of damages, and that they should have been granted leave to amend their complaint with respect to at least a second category.

The plaintiffs are Harmoni International Spice, Inc., and Zhengzhou Harmoni Spice Co.; for ease of reference we will refer to them both as Harmoni. According to the complaint's allegations, which we accept as true at this stage of the litigation, Harmoni produces fresh garlic in China and imports it into the United States. Harmoni is the only importer of Chinese garlic with a "zero-duty rate," meaning it does not have to pay the hefty anti-dumping duties imposed on other importers of Chinese garlic. Harmoni alleges that some of these importers, jealous of the competitive advantage Harmoni enjoys, conspired to eliminate or reduce that advantage through two separate unlawful schemes.

The first scheme involved efforts by Harmoni's Chinese competitors to funnel imported garlic into the United States by submitting fraudulent shipping documents to U.S. customs officials in order to evade applicable anti-dumping duties. The defendants then sold that garlic in the United States at less than fair value, resulting in increased sales for them and a corresponding decrease in Harmoni's sales.

The second scheme is a bit more elaborate. Under the Tariff Act of 1930, domestic producers may in certain circumstances request an administrative review to determine whether a company like Harmoni is being subjected to appropriate anti-dumping duties. 19 U.S.C. § 1673a(b)(1); 19 C.F.R. § 351.213(b)(1). When such a request is filed, the Department of Commerce is generally required to commence an administrative review. 19 U.S.C. §§ 1673a(b)(1), 1675(a)(1). Harmoni alleges that some of its Chinese competitors recruited two small domestic garlic growers to file sham administrative review requests with the Department of Commerce. According to the complaint, one of the purposes of these sham requests was to force Harmoni to incur significant expenses defending itself during the course of the administrative review process. In addition, Harmoni alleges that its competitors used the administrative review process as a public forum for falsely accusing Harmoni of illegal and unethical business practices, such as using prison labor to produce its garlic. Harmoni asserts that, as a direct result of these false accusations, it suffered lost sales and harm to its business reputation.

Harmoni sued nearly two dozen individuals and companies for their alleged participation in one or both of the schemes described above. A number of the defendants are domiciled in China and have not yet been served. The defendants who have been served moved to dismiss Harmoni's complaint under Federal Rule of Civil Procedure 12(b)(6). Following extensive motions practice, the district court granted the defendants' motions in full, resulting in the dismissal of Harmoni's claims against those defendants with prejudice. The court entered final judgment under Rule 54(b) so that Harmoni could take an immediate appeal.

On appeal, Harmoni challenges only the dismissal of its RICO claim as to four of the defendants: Robert Hume, Joey Montoya, Stanley Crawford, and Huamei Consulting Co., Inc. The district court dismissed the RICO claim against Hume, Montoya, and Crawford on the ground that Harmoni had not adequately alleged proximate cause; the court dismissed the claim against Huamei Consulting on the ground that Harmoni had not adequately alleged its involvement in a pattern of racketeering activity. The parties devote the bulk of their attention to the court's proximate cause ruling, and we will do the same here.

The RICO statute provides a cause of action to any person "injured in his business or property by reason of" a violation of the statute. 18 U.S.C. § 1964(c). To prevail, a plaintiff must prove that the defendant's unlawful conduct was not only a "but for" cause of his injury but also the "proximate cause" of the injury, as that concept has been understood at common law. *Holmes v. Securities Investor Protection Corp.*, 503 U.S. 258, 268 (1992). Proximate cause requires "some direct relation between the injury asserted and the injurious conduct alleged." *Id.*

Most of the district court's proximate cause analysis focused on the first of the two illegal schemes, involving the funneling of imported garlic into the United States through fraudulent means. We agree with the district court that Harmoni's proximate cause allegations are fatally deficient with respect to this scheme. Harmoni seeks to recover damages for its loss of market share, on the theory that the defendants' misrepresentations to customs officials allowed them to evade anti-dumping duties and to sell their imported garlic at less than fair value, which in turn led to an increase in their sales and a corresponding decrease in Harmoni's sales. The relationship between the defendants' unlawful

conduct and Harmoni's alleged injury is too attenuated to support a finding of proximate cause for the same reasons given in *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 457–60 (2006). The district court properly dismissed Harmoni's RICO claim to the extent it is predicated on the alleged funneling scheme.

The defendants involved in this appeal—Hume, Montoya, Crawford, and Huamei Consulting—were involved in the second scheme Harmoni has alleged, not the funneling scheme. Crawford is one of the small domestic garlic growers who allegedly filed a sham administrative review request; Hume and Montoya are the lawyers who represented Crawford in connection with that filing; and Huamei Consulting acted as an intermediary between Hume and Harmoni's Chinese competitors. The district court did not separately analyze whether the complaint adequately alleges proximate cause with respect to this second scheme. In our view, the failure to do so resulted in reversible error.

Harmoni seeks to recover damages that fall into three categories: (1) expenses incurred in responding to the Department of Commerce's administrative review; (2) lost sales; and (3) harm to its business reputation. The proximate cause analysis is somewhat different as to each category, so we will address each of them in turn.

Harmoni has adequately alleged proximate cause with respect to the first category of damages. As to the expenses it incurred during the administrative review process, there is a "direct relation between the injury asserted and the injurious conduct alleged." *Holmes*, 503 U.S. at 268. The injurious conduct at issue is the defendants' predicate acts of mail and wire fraud—*i.e.*, the sham filings requesting an administrative review of Harmoni's zero-duty rate. Harmoni alleges that the defendants knew their sham filings would

trigger an administrative review because the Department of Commerce is required by law to initiate such a review whenever it receives a request from a party with standing. As a result, this is not a case in which the Department of Commerce acted independently to initiate an investigation, which would perhaps have been an intervening act that broke the causal chain. According to the complaint, the defendants also knew that Harmoni would be forced to incur significant expenses responding to the administrative review because refusing to respond was not a viable option. Refusing to respond to the Department of Commerce's inquiries would have resulted in the loss of Harmoni's zero-duty rate, thereby subjecting its imported garlic to the same prohibitively high anti-dumping duties that Harmoni's rivals must pay. These allegations establish a direct causal link between the defendants' allegedly wrongful conduct (filing sham requests for an administrative review) and the injury Harmoni asserts (being forced to incur expenses responding to the review triggered by the sham filings).

The defendants' only rejoinder is to assert that the Department of Commerce, rather than Harmoni, was the direct victim of the alleged sham-filing scheme. The defendants stress that the sham filings were sent to the Department of Commerce, and that the Department was the entity required to act on them by initiating an investigation. The defendants assume there can be only one direct victim entitled to recover damages under RICO, but that is not always the case. Even if the Department of Commerce could have asserted its own RICO claim to recover the costs it incurred in conducting the administrative review, that would not preclude Harmoni from recovering the costs *it* incurred as a direct result of the defendants' unlawful conduct.

The three factors we typically assess when considering whether proximate cause has been shown weigh in Harmoni's favor. *See Mendoza v. Zirkle Fruit Co.*, 301 F.3d 1163, 1169 (9th Cir. 2002). First, no more direct victim of the defendants' sham-filing scheme is better positioned to sue. The Department of Commerce may itself be a direct victim, but it would be unlikely to vindicate the law by bringing its own claim, and indeed it has not done so. Second, no difficulty will arise ascertaining what portion of the claimed damages is attributable to the defendants' unlawful conduct. If Harmoni's allegations are true, *all* of the costs it incurred responding to the administrative review are attributable to the defendants' unlawful conduct, for without the sham filings no administrative review would have occurred at all. And finally, there is no risk of duplicative recoveries because no other plaintiff could seek to recover any of the costs Harmoni incurred responding to the administrative review.

With respect to the second category of damages—lost sales attributable to the defendants' false accusations about Harmoni's business practices—Harmoni may be able to allege proximate cause as well. The Supreme Court's decision in *Bridge v. Phoenix Bond & Indemnity Co.*, 553 U.S. 639 (2008), is instructive on this point. There the Court confronted an alleged RICO scheme in which the defendants committed acts of mail fraud by submitting false certifications to a county government in connection with the county's sale at auction of valuable tax liens. As a direct result of the false certifications, the defendants acquired tax liens that the plaintiffs—rival bidders at the auctions—would otherwise have acquired for themselves. *Id.* at 643–45. The Court concluded that the plaintiffs had adequately alleged proximate cause, even though the defendants made the false statements to the county, and the county rather than

the plaintiffs relied on those statements in awarding liens to the winning bidders. *Id*. at 655–58. In explaining why a plaintiff can be injured "by reason of" acts of mail fraud even if the plaintiff did not rely on the defendant's misrepresentations, the Court offered the following hypothetical:

> [S]uppose an enterprise that wants to get rid of rival businesses mails misrepresentations about them to their customers and suppliers, but not to the rivals themselves. If the rival businesses lose money as a result of the misrepresentations, it would certainly seem that they were injured in their business "by reason of" a pattern of mail fraud, even though they never received, and therefore never relied on, the fraudulent mailings.

*Id*. at 649–50.

That hypothetical describes Harmoni's allegations in this case, with one immaterial difference. Harmoni alleges that the defendants committed mail and wire fraud by making misrepresentations in public filings submitted to the Department of Commerce, rather than sending those communications directly to Harmoni's customers. Nothing turns on that fact, however, because Harmoni alleges both that the defendants knew their public filings would be reviewed by Harmoni's customers, and that the defendants made the false statements with the specific intent of harming Harmoni's business reputation in the eyes of its customers. *See Lexmark International, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1393 (2014) ("When a defendant harms a plaintiff's reputation by casting aspersions on its business, the plaintiff's injury flows

directly from the audience's belief in the disparaging statements."). If Harmoni can prove that it lost sales as a direct result of the defendants' predicate acts of mail and wire fraud, the proximate cause element of its RICO claim will be satisfied. *See, e.g.*, Restatement (Second) of Torts § 633 (1977).

This same reasoning could potentially apply to the third category of damages—harm to Harmoni's business reputation—although that issue will need to be litigated on remand. The parties dispute whether damage to business reputation constitutes a compensable injury under RICO. Harmoni argues that harm to business reputation constitutes an injury to a "specific business or property interest" under California law and is therefore covered by RICO. *See Diaz v. Gates*, 420 F.3d 897, 900 (9th Cir. 2005) (en banc) (per curiam). The defendants argue that RICO precludes recovery for harm to intangible property interests and that the reputation of a business constitutes such an interest. *See Oscar v. University Students Co-operative Association*, 965 F.2d 783, 785–86 (9th Cir. 1992) (en banc). Because the district court has not yet addressed this issue and the parties have not adequately briefed it on appeal, we decline to resolve it here. The issue remains open for the district court to take up on remand.[1]

Nevertheless, as it stands now, Harmoni's complaint does not plausibly allege proximate cause with respect to damages for lost sales or harm to its business reputation

---

[1] We also decline to address in the first instance the defendants' argument that Harmoni has not alleged a "domestic injury" under *RJR Nabisco, Inc. v. European Community*, 136 S. Ct. 2090, 2111 (2016). The defendants did not raise that argument below and the district court therefore had no opportunity to address it.

(assuming such harm is compensable under RICO). Harmoni's complaint merely asserts the bare conclusion that it suffered these damages as a result of the defendants' predicate acts of mail and wire fraud. To survive a motion to dismiss, Harmoni's complaint must allege "factual content that allows the court to draw the reasonable inference" that its lost sales and reputational injury were the direct result of the defendants' wrongful conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the complaint does not meet that standard now, Harmoni could conceivably amend the complaint to cure this deficiency by alleging, for example, the circumstances under which its customers learned of the defendants' false accusations and, in reliance on that false information, canceled purchases they were otherwise planning to make. Because the complaint could potentially be saved by amendment, the district court should have granted Harmoni leave to amend. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam).

Harmoni argues that it also should have been granted leave to amend its allegations against Huamei Consulting. The district court dismissed the RICO claim against Huamei Consulting for failure to allege at least two predicate acts constituting a pattern of racketeering activity. Harmoni did not receive notice of this deficiency until the court's dismissal order, and the order did not explain why amendment would be futile. As a result, Harmoni should have been granted leave to amend its allegations against Huamei Consulting as well. *See id.* at 1053.

**REVERSED and REMANDED.**